28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent Delon HENEGAR, Defendant-Appellant.
 No. 93-6532.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1994.
 
 Before: KENNEDY and JONES, Circuit Judges; and GRAHAM, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant Vincent Delon Henegar seeks to appeal a conditional plea of guilty under Fed.R.Crim.P. 11(a)(2) to the offense of possessing device-making equipment in violation of 18 U.S.C. Sec. 1029(a)(4). Specifically, defendant pled guilty to possessing an altered cellular telephone capable of obtaining cellular telephone service without authorization and without payment for services. Defendant's conditional plea preserved his right to challenge the application of 18 U.S.C. Sec. 1029 to altered cellular telephones. The conditional plea was pursuant to stipulation and was entered after defendant had first entered an unconditional plea, sentence had been imposed and the appeal period had expired. For the reasons stated, we dismiss the appeal.
 
 I.
 
 2
 Defendant pled guilty to possessing device-making equipment, an altered cellular telephone, in violation of 18 U.S.C. Sec. 1029. On September 20, 1993, the District Court accepted the plea and sentenced the defendant to four months of imprisonment followed by three years of supervised release. The District Court also ordered the defendant to pay $51,415.32 in restitution. A judgment of conviction was entered. On October 21, 1993, the District Court deferred the defendant's reporting date because a split of authorities existed on the application of 18 U.S.C. Sec. 1029 to the cellular telephone industry. On November 3, 1993, the parties filed an amendment to the plea agreement granting the defendant the right to appeal the question of whether 18 U.S.C. Sec. 1029 applies to altered cellular telephones. Joint App. at 32. On November 3, 1993, the defendant filed a notice of appeal. Joint App. at 39. No appeal was taken from the earlier judgment and sentence.
 
 
 3
 Under Fed.R.Crim.P. 4(b), a criminal defendant must file the notice of appeal within 10 days after entry of judgment. See also United States v. Warner, 10 F.3d 1236 (6th Cir.1993), cert. denied, 1994 U.S. LEXIS 4398 (U.S. June 6, 1994). In this case, the District Court entered judgment on September 23, 1993. The notice of appeal was not filed until November 3, 1993. Thus, the notice of appeal is untimely and this Court lacks jurisdiction over the defendant's appeal. We sua sponte dismiss the defendant's appeal for lack of appellate jurisdiction.
 
 II.
 
 4
 For the reasons stated, the defendant's appeal is dismissed.
 
 
 
 [1]
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation